IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JACK POULSEN, *Jackie*<br><br>    Defendant. | 4:24CR 3042<br><br>PLEA AGREEMENT |

  IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Susan T. Lehr, Acting United States Attorney and Tessie L. Smith, Assistant United States Attorney, and defendant, Jack Poulsen, and Stuart J. Dornan, counsel for defendant, as follows:

## I
## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

  Defendant agrees to plead guilty to Count I of an Information and to waive Indictment and plead guilty to an Information. Count I charges a violation of Title 18, United States Code, Section 1344(1).

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

  1. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for banking-related crimes other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

  Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1

1. The defendant executed a scheme or artifice to defraud a financial institution by means of material false or fraudulent pretenses, representations, or promises as detailed in the information.
2. That he did so with the intent to deceive the financial institution.
3. That the financial institution was then insured by the FDIC.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

Ericson State Bank ("ESB") was a small rural bank founded in 1959 and had its sole location in Ericson, Nebraska. It was an insured member of the FDIC since June 15, 1960, until its closing in February of 2020. Defendant Jack Poulsen was the President of Ericson State Bank from June of 2010 until September of 2019. He additionally was on the Board of Directors for the Bank.

In his role as President of ESB, he was responsible for overseeing all ESB's affairs and managing ESB's day-to-day operations. Additionally, Poulsen was responsible for keeping other Board members informed of the Bank's financial condition. As President, Poulsen had a lending authority of up to $250,000. Any loans above this amount would require approval from the ESB loan committee. Poulsen was not allowed to be the loan officer on loans for which he would have a personal conflict of interest, including loans ESB made to parties or entities related to Poulsen.

Beginning in 2012, ESB began a lending relationship with an individual related to Poulsen which resulted in numerous loans being provided to this individual and his business entities. Pursuant to rules and regulations, Poulsen was not allowed to be the loan officer for these insider-related loans. Beginning at least in June of 2015, Poulsen began taking actions, enacting a scheme intended to defraud ESB and to interfere with the insider-related loans and account for the purpose of hiding the unsoundness of these insider-related loans and accounts from other members of the Board of Directors. These actions included:

A. Advancing ESB funds on insider-related loans in excess of the original loan amounts approved by the ESB loan committee;
B. Taking or directing actions to conceal, create a false impression, mislead, and otherwise deceive ESB, including, but not limited to, manipulating data contained in the ESB computer system by advancing Payment Due Dates and Loan Maturity Dates within

      the bank's computer system to conceal the past due status of insider-related loans from the Board of Directors;

C. Taking or directing actions to conceal, create a false impression, mislead, and otherwise deceive ESB, including, but not limited to, advancing loans overstated note amounts and loan committee approvals in an effort to conceal insider-related overdrafts from the ESB Board of Directors.

This scheme continued until September of 2019 when Poulsen was removed from his positions of authority with ESB.

In one such execution of the scheme, on March 27, 2019, loan maintenance records for ESB Loan 86482-1 were changed by Poulsen to reflect a new maturity date and a new due date. However, no paperwork was submitted nor existed to explain this extension of the next payment date and maturity date for Loan 86482-1. The March 2019 Board of directors meeting was on March 27, 2019. Due to the manipulation of the loan maintenance records, Loan 86482-1 was not presented as "past due" to the Board during the March 2019 meeting. However, as of March 27, 2019, Loan 86482-1 was matured for 181 days and drawn to a balance of $ 3,463,000 which was approximately $1,613,000 over the approved note amount. The false entry regarding the next payment date and due date were material to the Board of Directors and to the soundness and operation of ESB as a whole.

At the time of ESB's failure, ESB was a state chartered financial institution regulated and examined by the Nebraska Department of Banking and Finance and it was determined that a loss of $815,000 was attributable to the insider-related loans which were subject to the above-described scheme.

### III
### PENALTIES

A.    COUNT 1. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 30 years in prison;
2. A maximum $1,000,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in

revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

2. The parties agree that the defendant should be held responsible beyond a reasonable doubt for a loss amount of $815,000, therefore, pursuant to U.S.S.G. 2B1.1, the defendant's base offense level is enhanced by 14 levels.

3. The parties agree that the defendant should receive a two offense level increase for abuse of a position of public or private trust use of a special skill, pursuant to U.S.S.G. § 3B1.3.

4. Restitution. Defendant agrees to the following regarding Restitution:
   a. The amount of restitution ordered by the Court shall include all relevant conduct,

including, but not limited to, all charged and uncharged criminal conduct alleged in the Information, and not limited to the count(s) of conviction.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.   RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the Court at the time of sentencing.

G.   BANKING PROHIBITION

Defendant acknowledges and understands that pursuant to 12 U.S.C. §§ 1785(d) and 1829, his conviction in this case will prohibit him from directly or indirectly participating in the affairs of any financial institution insured by the National Credit Union Share Insurance Fund or the Federal Deposit Insurance Corporation (FDIC), except with the prior written consent of the National Credit Union Administration Board or the FDIC and, during the ten years following his conviction, the additional approval of this Court. Defendant understands that if he knowingly violates this prohibition, he may be punished by imprisonment for up to five years, and a fine of up to $1,000,000 for each day the prohibition is violated.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

   (a) As provided in Section I above, (if this is a conditional guilty plea); and
   (b) A claim of ineffective assistance of counsel.
   (c) A right to file a motion under Section 3582(c)(1)(A);
      1. the general right to file a compassionate release motion;
      2. the right to file a second or successive such motion; or

      3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

  (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

  (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
SUSAN T. LEHR
Acting United States Attorney

5/2/24
Date

*(signature)*
TESSIE L. SMITH
ASSISTANT U.S. ATTORNEY

1-29-24
Date

*(signature)*
JACK POULSEN
DEFENDANT

1-29-24
Date

*(signature)*
STUART J. DORNAN
COUNSEL FOR DEFENDANT